DECISION
Defendants Edward D. DiPrete and Dennis L. DiPrete move to sever counts 23 and 24 respectively alleging that its purpose is to avoid undue prejudice at trial.
Count 23 of the Indictment alleges that defendant Edward D. DiPrete on December 10, 1991 while under oath before the Rhode Island Ethics Commission knowingly made false material declarations involving the selection of an engineering firm for a so called "short list" for a water quality study of Olney Pond in Lincoln Woods State Park.
Count 24 of the Indictment alleges that defendant Dennis L. DiPrete on December 10, 1991 while under oath before the Rhode Island Ethics Commission knowingly made false material declaration[s] relative to meeting[s] with an official of the state government, leaving the meeting[s] with documents and his knowledge of whether firms he, defendant, recommended to provide services to the state were later selected.
The Rhode Island Ethics Commission, consisting of nine (9) members was established in 1987 and was empowered to investigate and conduct hearings on allegations of violations of prohibited activities and enumerated in the statute establishing a code of ethics governing the activities of state officials and employees. Five (5) of the nine (9) Commissioners must be present to hold a hearing and a minimum of three (3) of those five (5) must find that there has been a knowing and willful violation of the code. Among the sanctions available to the Commission are cease and desist orders, a civil penalty of up to $25,000 dollars per violation, refer the matter to the Attorney General and under certain circumstances remove the violator from office or position.
It is well accepted that severance, be it of parties or counts, is directed to the sound discretion of the trial judge; a denial of a motion to sever will only be reversed if it is affirmatively shown that the defendant was substantially prejudiced in that his rights to a fair trial were impinged; and real prejudice, not mere disadvantage, has been demonstrated to overcome a court's reluctance to create two trial. State v.Romano, 456 A.2d 746, 756 (R.I. 1983).
In Romano, cited by both the state and defendant, the Rhode Island Supreme Court upheld the trial court's denial to sever a perjury count from the remaining counts. The court found that Romano was not prejudiced in that the perjurious testimony was elicited at the trial of Romano's co-conspirator and the testimony concerned events which formed the basis of the first five counts of Romano's indictment. In Romano severance would have necessitated the need for the state to introduce at the substantive trial evidence relating to the perjury and thereafter evidence of the first five counts at the perjury trial. The duplication of effort and expense where commonality of events and proof existed compelled the denial of the motion to sever.
Unlike Romano, the testimony which the state maintains was perjurious was elicited before a state commission, not before a court of law. The defendants are correct when they argue that they would be prejudiced but by the confusion the additional information of counts 23 and 24 would bring to the jury. The varying standards of proof, presentation of evidence, and authority of the Ethics Commission versus a court of law, even with the appropriate jury instruction could confuse a jury and thereby prejudice the defendant.
Creating a second trial on the perjury count, on the other hand, would not prejudice the state. The commonality of evidence and possible witnesses are not present as in Romano. Although there is some commonality in the case at bar, this Court finds that the substantial prejudice to the defendants, were they made to defend their statements before the Ethics Commission before the same jury as the substantive counts far outweighs any benefit to the state in trying the counts together. Consequently, severance of the perjury counts would best serve the ends of justice." State v. Carsetti, 111 R.I. 642, 645, 306 A.2d 166
(1973).
Counsel for defendants shall present an order for entry in accordance with this decision.
AMENDED DECISION CRESTO, J.
This matter is before the court on defendants' Edward D. DiPrete and Dennis L. DiPrete motions to compel the state to supply particulars relative to certain allegations contained in the Indictment as ordered on August 29, 1995.
During its argument in opposition to defendants' motion for a Bill of Particulars, the state's position was that the defendants' requests went beyond the contemplation of Rule of Criminal Procedure 7(f) and that in any event the information sought was contained in the discovery material previously supplied. The court, because of the sheer volume of said discovery materials, encompassing a period of approximately five years generating some six hundred boxes of documents and thousand of pages of grand jury testimony, ordered certain particulars to be provided. The court recognized that some of the particulars sought were discovery oriented and outside the purview of Rule 7(f) but, nonetheless, ordered the state to provide them especially since it was the state's position that the particulars were contained in the discovery. The court was therefore of the opinion that it would not be onerous for the state to comply. For the same reason, the state could not be heard to complain that it was being required to reveal the theory of its case. The court's order did nothing more than ensure that defendants would be in possession of sufficient details in order to avoid surprise at trial and to protect against double jeopardy.
In its memorandum and at argument the state persisted in repeating its original contention, rejected by the court, that the information was contained in the discovery, arguing that its responses therefore were sufficient. The issue presented is whether the court's order was complied with, and not whether the information ought to be supplied, a determination not to be arrogated by the state but left to the court. The court finds that the state has failed to comply as follows.
1. Request I.(k)
The defendants sought the precise identification of the act or acts the state contends the defendants committed for the crime of conspiracy to violate RICO. Although the state responded with a five part answer, the answer merely provided a broad categorization of acts in which the state contends the defendants participated. The answer was not complete enough for the defendants to determine the exact act or acts alleged to have occurred. With the wide latitude accorded the state in framing a charge that the defendant "conspired" to violate RICO comes an obligation to particularize the nature of the charge to a degree that might not be necessary in the prosecution of crimes of a more limited scope. Moreover for the state at this point, just months before trial, to state in its answer that the acts "include, but are not limited to" is wholly inadequate. Such an indefinite response defeats the purpose of the order. Consequently, the state is ordered to provide the defendants a complete list and/or description of the act or acts which the state maintains were done in furtherance of the conspiracy charged.
2. Response II.(e)(6) and III.(e)(6)
The defendants request the identification of each contract which the state alleges was awarded in return for the payment of money and/or campaign contribution(s). Instead of responding to the courts order to provide the requested information, the state broadly asserts that the approximate amount of the payments and/or contributions are not necessary for the charge but nonetheless are set forth in the indictment. In granting defendants' bill of particulars, the court indicated that the information contained within the indictment was not adequate in light of the charges brought. Consequently, the state was ordered to provide a detailed answer and breakdown of which payments and/or contributions were allegedly made in response to the award of a state contract.
As the defendants indicated at oral argument, the state has identified approximately seventy (70) contracts it alleges were wrongfully awarded. If these seventy (70) contracts comprise the state's entire case as manifested in its extensive production, the state shall so indicate and provide the specific information requested by defendants and previously ordered. If the state is or intends to rely on additional contracts, they shall also be identified and specifics provided as requested and previously ordered.
3. Response II.(e)(7) and III.(e)(7)
Defendant also requested the identification of persons or entities alleged to have been involved with the transfer of money or campaign contribution(s). In response, the state referred to the participation of "straws" in the alleged illegal transactions. The defendants now request the further identification of these "straws."
It is not enough for the state to claim that the identities of unindicted participants are contained within the grand jury testimony and/or boxes of discovery. The volume of testimony and documentary discovery in this case is simply too voluminous. Consequently, the state must further identify individuals or entities involved in the alleged transactions.
As stated at the outset, this court finds that the state's general response that information which this court ordered to be provided is contained within the documentary discovery and in the grand jury testimony is wholly inadequate and does not comport to this court's original order. I find that the particularization requested by the defendants to which the court has found they are entitled has not yet been supplied as discussed in this decision.
Therefore, the state shall comply with the court's previous order as reaffirmed by this decision on or before December 1, 1995 at 5:00 p.m.
Counsel for defendants shall present an order for entry in accordance with this decision.